### No. 2912.—HENRY SAFFORD v. D. R. CARROLL.

An attorney at law is entitled to be paid a fair compensation for his services by the party who employs him in a litigation. If by compromise between the plaintiff and defendant, after judgment, the defendant agrees to pay the counsel fees of plaintiff in the case, such agreement is not binding on the attorney, and he may, notwithstanding the agreement, recover from his client a fair compensation for his services.

APPEAL from the Fourth District Court, parish of Orleans. Théard, J. Semmes & Mott, for plaintiff and appellee. Hays & New, for defendant and appellant.

WYLY, J. The defendant has appealed from a judgment against him for $2500 for professional services rendered by the plaintiff in the case of D. R. Carroll & Co. v. D. H. Boullt, in the District Court of the parish of Natchitoches.

It is shown that the plaintiff prosecuted the claim to judgment and afterwards caused it to be executed; the judgment was for $27,500 and the property bought thereunder by the defendant is shown to be worth $30,000, although under an agreement of parties it was purchased for a nominal price.

The value of the services is fully shown by the evidence; indeed, it is not seriously contested by the defendant. But the latter insists that the judgment against Boullt was the result of a compromise by which the firm of D. R. Carroll & Co. was to have $25,000 and the defendant, Boullt, was to pay all costs, including the fee of the plaintiff, $2500.

Safford v. Carroll.

But the judgment under which the defendant bought the property and which he agreed should be considered discharged after buying the property seized thereunder, even though the price of adjudication should be less than the amount thereof, was in favor of D. R. Carroll & Co. and against the defendant, D. H. Boullt, for $27,500, $2500 thereof "being the amount of fee incurred to H. Safford, Esq., plaintiff's attorney at law," etc.   By accepting the property in discharge of the whole judgment the defendant became liable to the plaintiff for his fee secured therein, even though the latter had only recourse against the judgment debtor.   But it is not shown that the plaintiff agreed to discharge D. R. Carroll & Co. from their obligation to pay his fee; no consideration is shown for such discharge and no one is presumed to give.   Because in the compromise resulting in the judgment to which we have referred Boullt stipulated to pay the fee of D. R. Carroll & Co., attorney, that did not preclude the attorney from demanding of his clients a just remuneration for his services.

There is no merit in the defense.

Let the judgment be affirmed, with costs.